UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Grand Jury H-20-1

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 3:21cr30 KAD / JHS |
| v. | VIOLATIONS: |
| JHANANNIE SINGH,<br>a.k.a. "Sharmala Persaud," and "Jasmine,"  | 18 U.S.C. § 371<br>(Conspiracy) |
| GLEN CAMPBELL,<br>a.k.a. "Nick" | 18 U.S.C. § 510(b)<br>(Exchanging, Receiving, or Concealing Stolen Bonds of the United States) |
| | 18 U.S.C. § 2314<br>(Interstate Transportation of Stolen Property) |
| | 18 U.S.C. § 2<br>(Aiding and Abetting) |

INDICTMENT

The Grand Jury charges:

COUNT ONE
(Conspiracy)

At all times relevant to this Indictment:

The Defendants and Co-Conspirators

1. The defendant JHANANNIE SINGH, a.k.a. "Jasmine," and "Sharmala Persaud," resided in Queens, New York.

2. The defendant GLEN CAMPBELL, a.k.a. "Nick," resided in Queens, New York.

The Victims

3. The victims, who were the owners and named beneficiaries of United States savings bonds, and whose identities are known to the Grand Jury, are referred to herein by their initials: A.W., S.W., R.W., S.H., A.S., J.E., and B.E.

## The Conspiracy

4. Beginning in or about September 2020 and continuing until on or about January 29, 2021, in the District of Connecticut and elsewhere, SINGH and CAMPBELL, together with others known and unknown to the Grand Jury, did knowingly and intentionally combine, conspire, confederate, and agree together and with each other to commit offenses against the United States as follows:

    a. To buy, sell, exchange, receive, deliver, retain, and conceal United States savings bonds of the aggregate value of $1,000 or more, with intent to defraud, and knowing that the bonds were stolen, in violation of 18 U.S.C. § 510(b);

    b. To unlawfully transport, transmit, and transfer in interstate commerce, from the State of New York to the State of Connecticut, stolen goods, wares, merchandise, securities, and money, that is, United States savings bonds, of the aggregate value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud, in violation of 18 U.S.C. § 2314; and

    c. To execute and attempt to execute a scheme and artifice to defraud one or more financial institutions, and to obtain moneys and funds owned by and under the custody and control of a federally insured financial institution, by means of materially false and fraudulent pretenses, representations, and promises, in violation of 18 U.S.C. § 1344.

## The Purpose of the Conspiracy

5. The purpose of the conspiracy was for SINGH and CAMPBELL, and others known and unknown to the Grand Jury, to enrich themselves through materially false and

fraudulent pretenses, representations, and promises, and through the unlawful retention, concealment, transportation, and transfer of stolen securities and money, by arranging for the interstate transportation of stolen United States savings bonds and for another individual to cash and redeem the stolen United States savings bonds at a financial institution, and in doing so, to defraud a financial institution and to obtain money, funds, and assets owned by and under the custody and control of a financial institution based on materially false and fraudulent pretenses, representations, and promises, and to thereafter share the fraudulently obtained proceeds from the redemption of the bonds among themselves.

## The Manner and Means of the Conspiracy

The manner and means by which the defendants, and others known and unknown to the Grand Jury, sought to accomplish and did accomplish the objects of the conspiracy included, among others, the following:

6. It was part of the conspiracy that SINGH, having previously taken and stolen United States savings bonds from victim B.E., who is deceased, and for whom SINGH previously worked as a home health aide, would and did unlawfully retain possession of, and conceal, the bonds previously taken from victim B.E., knowing that the bonds belonged to and were for the benefit of family members of B.E., whose identities are known to the Grand Jury.

7. It was further part of the conspiracy that SINGH would and did deliver, provide, and give certain of those stolen United States savings bonds to CAMPBELL with the intent that those bonds would be redeemed at a financial institution through materially false and fraudulent pretenses, representations, and promises.

8. It was further part of the conspiracy that CAMPBELL would and did receive the stolen United States savings bonds from SINGH, unlawfully retain and conceal the stolen

bonds, and transport the stolen bonds from the State of New York to the State of Connecticut, knowing those bonds had been stolen.

9. It was further part of the conspiracy that CAMPBELL, having received stolen United States savings bonds from SINGH, would and did meet with an individual referred to herein as Individual 1 and a law enforcement officer posing in an undercover capacity ("UCA"), and would and did deliver, pass, exchange, and sell the stolen bonds to the UCA with the intent that the UCA would redeem the bonds at a financial institution through materially false and fraudulent pretenses, representations, and promises.

10. It was further part of the conspiracy that, having received funds from the UCA that were purportedly obtained by the UCA from the redemption of the stolen United States savings bonds at a financial institution, CAMPBELL would and did retain possession of a portion of those funds and would and did transmit a portion of those funds to SINGH.

Overt Acts

11. In furtherance of the conspiracy and to effect the objects of the conspiracy, SINGH and CAMPBELL, and others both known and unknown to the Grand Jury, committed and caused to be committed the following overt acts, among others, in the District of Connecticut and elsewhere:

   a. On or about September 19, 2020, SINGH and CAMPBELL called Individual 1 using the mobile application WhatsApp to discuss a plan to redeem and cash stolen United States savings bonds. SINGH told Individual 1 that she had taken the bonds from an unidentified woman and that to cash the bonds, "somebody have to do it like in the bank" and "you have to have somebody inside." Individual 1 informed SINGH and CAMPBELL that he/she could cash the bonds through an associate who he/she described as "somebody that actually work as like a head manager" of a bank or financial institution.

SINGH told Individual 1 that she would "send four for you," that she had possessed the bonds for "maybe now it's like eight years," and that the total value of the bonds was "like a million dollars."

    b.  On or about October 22, 2020, CAMPBELL traveled from the State of New York to the State of Connecticut and brought with him multiple $1,000 stolen United States savings bonds that SINGH had given to CAMPBELL in New York to cash in Connecticut, the aggregate value being more than $5,000.

    c.  On or about November 9, 2020, CAMPBELL and Individual 1 met with the UCA at the Meriden Mall in Meriden, Connecticut, and CAMPBELL gave to the UCA ten (10) stolen United States savings bonds, Series I, each with a face value of $1,000, and bearing the names of victims R.W. and S.W.

    d.  On or about November 17, 2020, CAMPBELL and Individual 1 met with the UCA at the Meriden Mall in Meriden, Connecticut, and CAMPBELL gave to the UCA: eighty-six (86) stolen United States savings bonds, Series I, each with a face value of $1,000; seventy-one (71) stolen United States savings bonds, Series EE, each with a face value of $1,000; one (1) stolen United States savings bond, Series I, with a face value of $500; one (1) stolen United States savings bond, Series EE, with a face value of $500; and one (1) stolen United States savings bond, Series I, with a face value of $100, and bearing the names of victims S.W., R.W., A.W., J.E., S.H., and A.S.

    e.  On or about November 17, 2020, in the State of Connecticut, CAMPBELL received $3,500 in cash from the UCA, as funds that the UCA had purportedly received from the custody and control of a bank when the UCA redeemed the stolen United States savings bonds that CAMPBELL had given to the UCA on or about November 9, 2020.

f. On or about November 17, 2020, SINGH and CAMPBELL had a phone call using the mobile application WhatsApp while CAMPBELL was in the presence of Individual 1. During that phone call, CAMPBELL informed SINGH that he had received a $3,500 payment for the stolen United States savings bonds that CAMPBELL had given to the UCA on or about November 9, 2020, and SINGH asked CAMPBELL to send $1,900 to SINGH as her share of the proceeds through the mobile application Zelle. SINGH further told CAMPBELL that she was in possession of forty (40) additional stolen United States savings bonds, each with a face value of $5,000, that CAMPBELL should give to the UCA.

g. On or about November 19, 2020, SINGH received through the mobile application Zelle $1,900 from Individual 1 as her share of the $3,500 that CAMPBELL had received from the UCA on or about November 17, 2020.

h. On or about December 22, 2020, CAMPBELL and Individual 1 met with the UCA at the Meriden Mall in Meriden, Connecticut, and CAMPBELL gave to the UCA: twenty-one (21) stolen United States savings bonds each with a face value of $50, six (6) stolen United States savings bonds each with a face value of $75, forty (40) stolen United States savings bonds each with a face value of $100, and forty-six (46) stolen United States savings bonds each with a face value of $200, bearing the names of A.S., S.W., A.W., and R.W.

i. On or about December 22, 2020, in the State of Connecticut, CAMPBELL received $5,000 in cash from the UCA, as funds that the UCA had purportedly received from the custody and control of a bank when the UCA redeemed the stolen United States savings bonds that CAMPBELL had given to the UCA on or about November 17, 2020.

All in violation of Title 18, United States Code, Section 371.

## COUNT TWO
(Exchanging, Receiving, or Concealing Stolen Bonds of the United States)

12. Paragraphs 1 through 11 are incorporated by reference.

13. On or about November 9, 2020, in the District of Connecticut, the defendants JHANANNIE SINGH, a.k.a. "Jasmine," and "Sharmala Persaud," and GLEN CAMPBELL, a.k.a. "Nick," with intent to defraud, did buy, sell, exchange, receive, deliver, retain, and conceal United States savings bonds, with an aggregate face value of over $1,000, knowing that said bonds were stolen.

In violation of Title 18, United States Code, Sections 510(b) and 2.

## COUNT THREE
(Exchanging, Receiving, or Concealing Stolen Bonds of the United States)

14. Paragraphs 1 through 11 are incorporated by reference.

15. On or about November 17, 2020, in the District of Connecticut, the defendants JHANANNIE SINGH, a.k.a. "Jasmine," and "Sharmala Persaud," and GLEN CAMPBELL, a.k.a. "Nick," with intent to defraud, did buy, sell, exchange, receive, deliver, retain, and conceal United States savings bonds, with an aggregate face value of over $1,000, knowing that said bonds were stolen.

In violation of Title 18, United States Code, Sections 510(b) and 2.

## COUNT FOUR
(Exchanging, Receiving, or Concealing Stolen Bonds of the United States)

16. Paragraphs 1 through 11 are incorporated by reference.

17. On or about December 22, 2020, in the District of Connecticut, the defendants JHANANNIE SINGH, a.k.a. "Jasmine," and "Sharmala Persaud," and GLEN CAMPBELL, a.k.a. "Nick," with intent to defraud, did buy, sell, exchange, receive, deliver,

retain, and conceal United States savings bonds, with an aggregate face value of over $1,000, knowing that said bonds were stolen.

In violation of Title 18, United States Code, Sections 510(b) and 2.

## COUNT FIVE
(Interstate Transportation of Stolen Property)

18. Paragraphs 1 through 11 are incorporated by reference.

19. On or about October 22, 2020, in the District of Connecticut and elsewhere, the JHANANNIE SINGH, a.k.a. "Jasmine," and "Sharmala Persaud," and GLEN CAMPBELL, a.k.a. "Nick," did unlawfully transport, transmit, and transfer in interstate commerce, from the State of New York to the State of Connecticut, stolen goods, wares, and merchandise, that is, United States savings bonds, with an aggregate face value of $5,000 or more, knowing the same to have been stolen, converted, and taken by fraud.

In violation of Title 18, United States Code, Sections 2314 and 2.

## FORFEITURE ALLEGATION
(Conspiracy to Exchange, Receive, or Conceal Stolen Bonds of the United States; Exchanging, Receiving, or Concealing Stolen Bonds of the United States; and Conspiracy to Commit Bank Fraud Affecting a Financial Institution)

20. Upon conviction of one or more of the offenses involving (a) conspiracy to exchange, receive, or conceal stolen bonds of the United States; (b) exchanging, receiving, or concealing stolen bonds of the United States; or (c) the conspiracy to commit bank fraud offense, alleged in Counts One, Two, Three, and Four of this Indictment, the defendants, JHANANNIE SINGH and GLEN CAMPBELL, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2), all right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to violations of Title 18, United States Code, Section 510(b); conspiracy to violate Title 18, United States Code, Section 510(b); or conspiracy to violate Title 18,

United States Code, Section 1344, and all property traceable to such violations, including any interest in any and all stolen U.S. savings bonds, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

21. If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 982; Title 21, United States Code, Section 853; and Rule 32.2(a), Federal Rules of Criminal Procedure.

### FORFEITURE ALLEGATION
(Conspiracy to Transport Stolen Property Interstate
and Interstate Transportation of Stolen Property)

22. Upon conviction of one or more of the offenses involving (a) conspiracy to transport stolen property interstate, or (b) the interstate transportation of stolen property, alleged in Count One and Count Five of this Indictment, the defendants, JHANANNIE SINGH and GLEN CAMPBELL, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28 United States Code, Section 2461(c), all right, title, and interest in any and all property, real or personal, constituting or derived from proceeds obtained, directly or indirectly, from a violation of Title 18, United States Code, Section 2314, or conspiracy to violate Title 18, United States Code, Section 2314,

including but not limited to any interest in any and all stolen United States Savings Bonds, and a sum of money equal to the total amount of proceeds obtained as a result of the offenses.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendants, cannot be located upon the exercise of due diligence, has been transferred, sold to, or deposited with a third party, has been placed beyond the jurisdiction of the court, has been substantially diminished in value, or has been commingled with other property which cannot be divided without difficulty, it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property described above.

All in accordance with Title 18, United States Code, Section 981(a); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

FOREPERSON

LEONARD C. BOYLE
FIRST ASSISTANT UNITED STATES ATTORNEY

TARA E. LEVENS
ASSISTANT UNITED STATES ATTORNEY

MICHAEL S. MCGARRY
ASSISTANT UNITED STATES ATTORNEY